Petitioner is the statutory receiver of the defendant insolvent corporation. Among the assets which came into his possession were four automobiles covered by a chattel mortgage held by the respondent, Rutherford National Bank. The question for decision is whether the mortgage is valid as against the receiver. The mortgage was not accompanied by an immediate delivery of the automobiles and it was not recorded as required by section 4 of the Chattel Mortgage act (Comp. Stat. p. 463, as amended P.L.1928 p. 131), and no statement of intention was executed and recorded pursuant to the supplement. P.L. 1936 p. 797.
Counsel for the bank argues that the supplement repeals the earlier statute so far as relates to a mortgage of goods executed by a mortgagor engaged in the business of selling such goods; that if the statement of intention be not filed, section 4 does not apply but the case is governed by the common law; that is, there is a rebuttable presumption that the mortgage is fraudulent. Roe v. Meding, 53 N.J. Eq. 350. Or else that the mortgage is void only as to "an innocent holder for value."
The supplement has not such an effect. It leaves the Chattel Mortgage act in full force as to all mortgages unless the statement described in the proviso of the supplement be recorded. The proviso performs its proper office of qualifying or restraining the generality of the enacting clause. Sloat v.McComb, 42 N.J. Law 484.
 The mortgage is void as to the receiver. *Page 568